IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE SCIBLE,**

    **Plaintiff,**

**v.**                                           **Civil Action No. 1:08CV100**
                                                 **(Judge Keeley)**

**KAREN STEWARD, WILLIAM ANDERSON,**
**JOHN DOE and WILLIAM HALE,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

On April 7, 2008, plaintiff Lawrence Scible ("Scible") filed a pro se complaint and motion for preliminary injunction pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). In the complaint, Scible alleged that the defendants violated his constitutional rights, including his freedom of speech, by punishing him for complaining about alleged violations of policies of the West Virginia Department of Corrections that, according to Scible, are vague and ambiguous. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with 28 U.S.C. § 1915A and Local Rule of Prisoner Litigation 83.02.

After conducting a preliminary review of the case, on April 24, 2008, Magistrate Judge Kaull determined that summary dismissal was not warranted. Accordingly, he directed the United States Marshal Service to serve the defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On April 30, 2008, Scible filed an addendum to his complaint, and also filed a motion for summary judgment. (Dkt. Nos. 19 & 20). On May 21, 2008, the defendants responded to the summary judgment motion, and also filed their own motion to dismiss (dkt. nos. 32, 33 & 34), to which Scible responded on June 6, 2008. The defendants then replied on June 13, 2008 (dkt. nos. 37 & 39), after which, on August 21, 2008, Scible filed a supplement in support of his complaint. (Dkt. No. 43).

On December 22, 2008, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Scible's motions for summary judgment and a preliminary injunction be denied. (Dkt. No. 48). He further recommended that Scible's addendum to the complaint be construed as a motion to amend and be denied. He recommended that the defendants' motion to dismiss be granted-in-part and denied-in-part. Finally, the magistrate judge recommended that defendants Springston, Miller, Tiege, Gragg and Scott be dismissed without prejudice, and defendants Fox, Waid, Rubenstein and the West Virginia Division of Corrections be dismissed with prejudice. Scible filed no objections to the R&R. On January 13, 2009, the Court adopted the R&R in its entirety and again referred the matter to the magistrate judge for further proceedings against the remaining defendants, Karen Steward, William Anderson, John Doe, and William Hale. (Dkt. No. 51).

## ORDER ADOPTING REPORT AND RECOMMENDATION

The parties then engaged in and completed discovery. At the conclusion of the discovery period, the defendants filed a motion for summary judgment and filed a supporting memorandum of law. (Dkt. Nos. 81 & 82). Magistrate Judge Kaull issued a <u>Roseboro</u> Notice (dkt. no. 84) to Scible, <u>see</u> <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975), who filed his response on July 15, 2009. (Dkt. No. 86). On July, 30, 2009, the defendants filed their reply. (Dkt. No. 87).

After the parties completed their briefing, Magistrate Judge Kaull set the case for oral argument on the defendants' motion for summary judgment on August 10, 2009. (Dkt. No. 88). The hearing was later rescheduled for October 27, 2009, and, before that hearing occurred, the magistrate judge appointed counsel for Scible. (Dkt. No. 113). Following oral argument, the magistrate judge issued an "Order Confirming Oral Finding of the Court," stating that if the parties could not reach a settlement by November 14, 2009, then the plaintiff would have until November 30th to file a cross-motion for summary judgment to which the defendants would have fifteen days to respond. (Dkt. No. 115). These deadlines were ultimately extended, and, on December 29, 2009, the defendants filed a supplemental motion for summary judgment. (Dkt. No. 120). Scible filed his response (dkt. no. 124), as well as a cross motion for summary judgment, on January 8, 2010 (dkt. no. 122), to which the

defendants responded on January 22, 2010. (Dkt. No. 129). Then on January 25, 2010, the defendants filed a motion to dismiss. (Dkt. No. 130). Scible filed his response (dkt. no. 133) on February 5, 2010, and, by order of the magistrate judge (dkt. no. 132), no further briefing was permitted.

In response to these motions, on February 16, 2010, Magistrate Judge Kaull issued his second R&R, in which he made the following recommendations:

> (1) the defendants' Motion to Dismiss (dckt. 130) be DENIED.
>
> (2) The defendant's Motion for Summary Judgment (dckt. 81) be GRANTED in part and DENIED in part. The motion should be granted to the extent that it seeks judgment as a matter of law for defendants Williams Anderson and William Hale. The motion should also be granted to the extent that it seeks qualified immunity for the remaining defendants as to the plaintiff's claim that disciplinary actions SMC-07-0413-H and SMC-07-0425-H violated his First Amendment free speech rights. In all other respects, the motion should be denied.
>
> (3) The defendants' Supplemental Motion for Summary Judgment (dckt. 120) be granted and that the complaint be denied as to the plaintiff's claims that disciplinary action SMC-07-0389-H violates the due process clause because the regulation on which it is based is vague and ambiguous.
>
> (4) The plaintiff's Motion for Summary Judgment (dckt. 122) be DENIED.

> (5) the Court enter judgment in favor of defendants and dismiss this case from the active docket of this court.

(Dkt. No. 135 at 31-32). The R&R also specifically warned Scible that failure to object to the recommendations within ten days of receipt of the R&R would result in the waiver of his appellate rights on this issue. On March 3, 2010, Scible filed a letter in which he attached another letter that he had previously sent to his counsel. (Dkt. No. 136). In the letter to his attorney, Scible states that he does not object to the R&R, but wishes that this Court would order the defendants to expunge his disciplinary record and to reimburse him for his filing fees and postage and pay his attorney fees.

Because Scible does not object to the R&R, the Court has no obligation to perform a de novo review of the magistrate judge's findings and recommendations. However, even if the Court were to construe Scible's requests as objections, it has no ability to order the expungement of disciplinary records, nor could it award Scible any costs, expenses or attorney fees in this matter as he did not prevail in the litigation. Accordingly, to the extent Scible's letter constitutes any request for relief, the Court denies the request.

**SCIBLE V. STEWARD, ET AL.**                                                 **1:08CV100**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Consequently, the Court **ADOPTS** the R&R (dkt. no. 135) in its entirety and:

- **DENIES** the defendants' Motion to Dismiss (dkt. no. 130);
- **GRANTS-IN-PART** and **DENIES-IN-PART** the defendants' Motion for Summary Judgment (dkt. no. 81). The motion is granted to the extent that it seeks judgment as a matter of law for defendants Williams Anderson and William Hale. The motion is also granted to the extent that it seeks qualified immunity for the remaining defendants as to the plaintiff's claim that disciplinary actions SMC-07-0413-H and SMC-07-0425-H violated his First Amendment free speech rights. In all other respects, the motion is denied;
- **GRANTS** the defendants' Supplemental Motion for Summary Judgment (dkt. no. 120) as to the plaintiff's claims that disciplinary action SMC-07-0389-H violates the due process clause because the regulation on which it is based is vague and ambiguous;
- **DENIES** the plaintiff's Motion for Summary Judgment (dkt. no. 122); and
- **DISMISSES** this case **WITH PREJUDICE** from the active docket of the Court.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and all appropriate agencies.

Dated: March 11, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE